RECEIVED IN ALEXANDRIA, LA.
SEP 27 2011
TONY R. MOORE, CLERK
BY___ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BEPCO, L.P. | CIVIL ACTION NO. 11-0132 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| SANTA FE MINERALS, INC., et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

## JUDGMENT

For the reasons stated in the Report and Recommendation of the Magistrate Judge (Doc. No. 172) previously filed herein, and after an independent (de novo) review of the record including the objections filed and the substantial briefing, and having determined that the findings and recommendation are correct under the applicable law;

**IT IS ORDERED** that the Motion to Strike (Doc. No. 161) is DENIED, the Motion to Remand (Doc. No. 78), is GRANTED, and this case is REMANDED to the 12th Judicial District Court, Avoyelles Parish, Louisiana.

**IT IS FURTHER ORDERED** that the penalties and attorney fees issue is pretermitted and this Court will retain jurisdiction over the penalties and attorney fees issue as well as the matter of sanctions for the purpose of considering those issues in the event it is later shown that collusion or improper removal under 28 U.S.C. § 1359 occurred.

In so ruling, we particularly note that Santa Fe Minerals, Inc. is appropriately charged with having selected the forum for its suit against ICAROM. The arguments that it was under some kind of constraint because of a state court scheduling order is nonsense. Santa Fe could

easily have filed a concurrent coverage related Declaratory Judgment action in a federal forum had it wished to do so. Such procedural remedies are invoked frequently. [Compare Columbia Cas. Co. v. Georgia & Florida RailNet, Inc.,542 F.3d 106 (5th Cir. 2008) and Western Heritage Ins. Co. v. River Entertainment, 998 F.2d 311(5th Cir. 1993).]

We further note that, although counsel for ICAROM refuses to admit the second service of suit clause in Policy 441even exists, as the Magistrate Judge correctly observes, it indeed does, and is, for all intents and purposes, the same as the service of suit clause in the T11669 policy. For illustrative purposes, the clause from Policy 441 is appended to this Judgment as "Attachment 1."

Accordingly, and in addition to the foregoing, the Motion for Extension of Time to Remove (Doc. No. 195) and the Motion for Reconsideration regarding the denial of leave to file a sur-rebuttal (Doc. No. 197) are DENIED as MOOT. Disposition of the Motion to Dismiss for failure to state a claim (Doc. No. 21), the Motion to Amend Cross Claims and Third Party Complaint (Doc. No. 133), and the Motions to Amend Answer by "Certain Unidentified Underwriters at Lloyds, London" and others (Doc. Nos. 224 and 225) are left to the state court judge presiding over this matter upon remand.

**THUS DONE AND SIGNED**, in Chambers, in Alexandria, Louisiana, on this 27th day of September, 2011.

**DEE D. DRELL**
**UNITED STATES DISTRICT JUDGE**

**SERVICE OF SUIT CLAUSE (U.S.A.)**
*(Approved by Lloyd's Underwriters' Non-Marine Association)*

It is agreed that in the event of the failure of Underwriters hereon to pay any amount claimed to be due hereunder, Underwriters hereon, at the request of the insured (or reinsured), will submit to the jurisdiction of any Court of competent jurisdiction within the United States and will comply with all requirements necessary to give such Court jurisdiction and all matters arising hereunder shall be determined in accordance with the law and practice of such Court.

It is further agreed that service of process in such suit may be made upon
MESSRS. MENDES AND MOUNT
3 PARK AVENUE, NEW YORK
NY10016                                                                                                          , and
that in any suit instituted against any one of them upon this contract, Underwriters will abide by the final decision of such Court or of any Appellate Courts in the event of an appeal.

The above-named are authorized and directed to accept service of process on behalf of Underwriters in any such suit and/or upon the request of the insured (or reinsured) to give a written undertaking to the insured (or reinsured) that they will enter a general appearance upon Underwriters' behalf in the event such a suit shall be instituted.

Further, pursuant to any statute of any state, territory or district of the United States which makes provision therefor, Underwriters hereon hereby designate the Superintendent, Commissioner or Director of Insurance or other officer specified for that purpose in the statute, or his successor or successors in office, as their true and lawful attorney upon whom may be served any lawful process in any action, suit or proceeding instituted by or on behalf of the insured (or reinsured) or any beneficiary hereunder arising out of this contract of insurance (or reinsurance), and hereby designate the above-named as the person to whom the said officer is authorized to mail such process or a true copy thereof.

22/5/52
N.M.A. 772

Attachment 1